CLIFTON, Circuit Judge,
concurring in the judgment:
I agree with the conclusion of the majority opinion that the petition for review filed by Carlos Alberto Bringas-Rodriguez should be granted and the matter remanded to the BIA for further proceedings. The basis for my conclusion is much narrower than that adopted by the majority opinion, however. In my view, the majority opinion does not respect the proper standard for our court’s review of an order of removal. That standard is supposed to be highly deferential, and I agree with the dissent that it has not been applied that way in this ease.
The majority opinion acknowledges that a finding by the IJ is not supported by substantial evidence when “ ‘any reasonable adjudicator would be compelled to conclude to the contrary’ based on the evidence in the record.” Majority Op. at 1059 (quoting Zhi v. Holder, 751 F.3d 1088, 1091 (9th Cir. 2014)). The majority opinion also agrees that Bringas had the burden of establishing that the persecution suffered by Bringas, in the form of the sexual attacks on him when he was a child, “was committed by ... forces that the government was unable or unwilling to control.” Id. at 1062 (quoting Baghdasaryan v. Holder, 592 F.3d 1018, 1023 (9th Cir. 2010)).
The evidence offered by Bringas in support of the proposition that the Mexican government was unable or unwilling to control sexual attacks against children was not so overwhelming. That evidence, described in the majority opinion at 1073-74 and in the dissent at 1087 n.15, amounted in the end to an unspecific hearsay report *1077 by Bringas of what he was told by one or two other persons about what had happened when a report was made to police in a different town. That evidence would have been sufficient to support a conclusion that a report by a child to the police would have been futile, but it was not so powerful that no reasonable adjudicator could have found to the contrary. The same is true about the more general evidence offered by Bringas from country reports and newspaper articles about discrimination against gay men and homophobic violence in Mexico. That general evidence did not speak directly to the kind of violence suffered by Bringas. It did not say so much about how the Mexican government would have reacted that it would have compelled any reasonable adjudicator to agree with the majority opinion’s own assessment.
The reason that I conclude that the petition for review should be granted is that the agency appeared to disregard the evidence that Bringas offered on the subject. The IJ stated in his oral decision that
[W]e certainly do not have any evidence whatsoever that the police in Mexico or the authorities do not take any action whatsoever to offer some type of protection against the abuse of children, sexually, whether the sexually abused child is a male or female, or whether the abuser is a male or a female. There is no evidence of that, so I cannot really conclude that the government was unwilling or unable to offer [Bringas] protection from the sexual abuse perpetrated upon him as a child.
The BIA’s conclusion was more general, stating that the “evidence does not establish” that the Mexican government is unwilling or unable to control private violence against homosexuals. But the BIA did not correct the IJ’s finding that there was “no evidence whatsoever” to support Bringas’s contention that a police report would have been futile, and it did not reflect any awareness of the evidence to that effect. In my view, the failure to recognize that evidence and to account for it in the decision justifies remand to the agency for further proceedings, including further consideration of the question of whether Bringas suffered past persecution. I would grant the petition for review, but I would not dictate the answer to that past persecution question.